## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1)  PATRICK OGLESBEE | Case No.   18-cv-560-JED-FHM |
| 2)  KATHREN D. OGLESBEE | |
|         Plaintiffs, | |
| vs. | **COMPLAINT** |
| 1)   GLOCK, INC., | |
| 2)   GLOCK GES.M.B.H., | JURY TRIAL DEMANDED |
| 3)   LONE WOLF DISTRIBUTORS, INC., | |
| 4)   W.C. WOLFF CO., | |
| 5)   GHOST, INC., | |
| 6)   TARAN TACTICAL INNOVATIONS, LLC., | |
| 7)   GLOCKMEISTER, LLC, | |
| 8)   STRIKE INDUSTRIES, | |
| 9)   OVERWATCH TACTICAL, LLC., | |
| 10)  ZEV TECHNOLOGIES, INC., | |
| 11)  TACTICAL SOLUTIONS, INC., | |
| 12)  SUAREZ INTERNATIONAL USA, INC., | |
| 13)  KING GLOCK, INC., AND | |
| 14)  UNKNOWN JOHN AND JANE DOE ENTITIES | |
|          Defendants | |

COMES NOW the Plaintiffs, Patrick Oglesbee and Kathren D. Oglesbee, and for their cause of action and claims for relief against the Defendants, Glock, Inc., Glock Ges.m.b.H., Lone Wolf Distributors, Inc., W.C. Wolff Co., Ghost, Inc., Taran Tactical Innovations, LLC., Glockmeister, LLC, Strike Industries, Overwatch Tactical LLC., Zev Technologies, Inc., Tactical Solutions, Inc., Suarez International USA, Inc., King Glock, Inc., and Unknown John and Jane Doe Entities. In support of his Complaint, Plaintiffs allege and state the following:

## PARTIES

1.      Plaintiffs Patrick Oglesbee and Kathren D. Oglesbee are residents and citizens of the State of Oklahoma, residing in Tahlequah, Oklahoma.

2.     Glock, Inc. is a Georgia corporation whose principal place of business is in the State of Georgia.

3.     That Defendant Glock Ges.m.b.H is an Austrian corporation, which trades and does business regularly within the United States of America and in the State of Oklahoma. That the Defendant's principal place of business is in Deutsch-Wagram, Austria.

That Defendant Glock Ges.m.b.H, having representatives in the United States of America, to wit, Glock, Inc., as its designated and named business agent and distributor for Glock Pistols, including the hereinafter described Glock pistol which caused damage and injury to the Plaintiff within the State of Oklahoma, and, as such, may be served with process pursuant to federal law and statute at its duly authorized, designated and named agent and distributor for its products throughout the United States, Glock, Inc. Accordingly, service upon Glock Ges.m.b.H may be made by delivering service to its alter ego, Glock, Inc. at its corporate office and address.

4.     Lone Wolf Distributors, Inc. is an Idaho corporation whose principal place of business is in Priest River, Idaho.

5.     W.C. Wolf, Co. is a Pennsylvania corporation whose principal place of business is in New Town Square, Pennsylvania.

6.     Defendant Ghost, Inc. is a Florida corporation whose principal place of business is in Miami, Florida.

7.     Taran Tactical Innovations is a California domestic company whose principal place of business is in California.

8.     Glockmeister, LLC is an Arizona limited liability company whose principal place of business is in Mesa, Arizona.

2

9.     Strike Industries is a California domestic company whose principal place of business is in California.

10.     Overwatch Tactical, LLC is an Arizona limited liability company whose principal place of business is in Arizona.

11.     Zev Technologies, Inc., is a California company whose principal place of business is in Oxnard, California.

12.     Tactical Solutions, Inc., is an Idaho corporation whose principal place of business is in Boise, Idaho.

13.     Suarez International USA, Inc., is an Arizona corporation whose principal place of business is in Prescott, Arizona.

14.     King Glock, Inc., is a Florida corporation whose principal place of business is in Candler, Florida.

15.     Unidentified John and Jane Doe entities are likely incorporated within the United States and/or their principal place of business is within the United States.

16.     That the Plaintiffs' cause of action and claims for relief arise from the injuries occurring within the State of Oklahoma; the injuries were caused by tortuous actions either in the State of Oklahoma or by an act or omission outside of the State of Oklahoma; that each of the Defendants regularly did and solicited business and/or engaged in other persistent courses of conduct within the State of Oklahoma; that each of the Defendants derived substantial revenues from goods and/or services consumed and/or used in the State of Oklahoma and that each of the Defendants did place in the stream of commerce in the United States and in the State of Oklahoma firearms and/or accessories or after-market parts which are the subject of this litigation.

3

## JURISDICTION, VENUE AND SERVICE OF PROCESS ALLEGATIONS

17.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as the

Plaintiffs are citizens and residents of the State of Oklahoma and the Defendants are all citizens

and/or residents of places outside of the State of Oklahoma and that the amount in controversy

exceeds $75,000.00 exclusive of interest and costs. This Court has personal jurisdiction over all the

Defendants as Defendants are manufacturers of the defective product and/or parts that caused injury

and damage in Oklahoma and the Defendants, at the time of placing their parts into the stream of

commerce, could have foreseen, realized, expected and/or anticipated that the product might

eventually be found in Oklahoma by reason of its nature and the Defendants' manufacturers'

marketing practices.

18.     Venue is proper within the Northern District of Oklahoma because the incident that

caused injury which is the subject matter of this complaint occurred in Mayes County and damages

as a result of the subject matter of this Complaint occurred in Tulsa County and Cherokee County,

Oklahoma.

## FACTUAL ALLEGATIONS AS TO ALL COUNTS

19.     This is an action for damages suffered by Plaintiffs as a direct and proximate result

of the Defendants' negligent and wrongful conduct in connection with the design, manufacture,

testing, marketing, warning and/or sale of the subject Glock pistol and pistol parts. The Defendants,

Glock, Inc. and Glock Ges.m.b.H are engaged in the business of designing, manufacturing,

assembling, distributing and selling firearms, including the subject firearm that caused injury to

Plaintiff Patrick Oglesbee.

20.     Defendants, Glock, Inc. and Glock Ges.m.b.H did design, manufacture, distribute,

4

sell and place into the stream of commerce the Glock firearm, including its action, safety drop system, safety components, knowing and expecting that the pistol would be used by consumers and around members of the general public, including individuals who live or reside in the State of Oklahoma.

21.     The Defendants, Glock, Inc. and Glock Ges.m.b.H knew and expected individuals would modify and/or use parts from other manufacturers in its pistol.

22.     Glock, Inc. and Glock Ges.m.b.H were aware that separate manufacturers were creating parts and components that compromised its purported safety drop system and even permitted these manufacturers to use its name in their marketing materials.

23.     Defendant Lone Wolf Distributors, Inc. designed, manufactured, distributed, sold and placed into the stream of commerce replacement parts and components knowing and expecting that the user of the Glock pistol would replace these components.

24.     Defendant Lone Wolf Distributors, Inc. is aware that the after-market parts and components compromised the purported safeties within the pistol and rendered the pistol unreasonably dangerous for the general consumer and public.

25.     Defendant W.C. Wolff Co. designed, manufactured, distributed, sold and placed into the stream of commerce replacement parts and components knowing and expecting that the user of the Glock pistol would replace these components.

26.     Defendant W.C. Wolff, Co. is aware that the after-market parts and components compromised the purported safeties within the pistol and rendered the pistol unreasonably dangerous for the general consumer and public.

27.     Defendant Ghost, Inc., designed, manufactured, distributed, sold and placed into the

stream of commerce replacement parts and components knowing and expecting that the user of the Glock pistol would replace these components.

28.     Defendant Ghost, Inc. is aware that the after-market parts and components compromised the purported safeties within the pistol and rendered the pistol unreasonably dangerous for the general consumer and public.

29.     Defendant Taran Tactical Innovations, LLC designed, manufactured, distributed, sold and placed into the stream of commerce replacement parts and components knowing and expecting that the user of the Glock pistol would replace these components.

30.     Defendant Taran Tactical Innovations, LLC is aware that the after-market parts and components compromised the purported safeties within the pistol and rendered the pistol unreasonably dangerous for the general consumer and public.

31.     Defendant Glockmeister, LLC, designed, manufactured, distributed, sold and placed into the stream of commerce replacement parts and components knowing and expecting that the user of the Glock pistol would replace these components.

32.     Defendant Glockmeister, LLC is aware that the after-market parts and components compromised the purported safeties within the pistol and rendered the pistol unreasonably dangerous for the general consumer and public.

33.     Defendant Strike Industries, designed, manufactured, distributed, sold and placed into the stream of commerce replacement parts and components knowing and expecting that the user of the Glock pistol would replace these components.

34.     Defendant Strike Industries is aware that the after-market parts and components compromised the purported safeties within the pistol and rendered the pistol unreasonably dangerous

for the general consumer and public.

35.     Defendant Overwatch Tactical, LLC designed, manufactured, distributed, sold and placed into the stream of commerce replacement parts and components knowing and expecting that the user of the Glock pistol would replace these components.

36.     Defendant Overwatch Tactical, LLC is aware that the after-market parts and components compromised the purported safeties within the pistol and rendered the pistol unreasonably dangerous for the general consumer and public.

37.     Defendant Zev Technologies, Inc. designed, manufactured, distributed, sold and placed into the stream of commerce replacement parts and components knowing and expecting that the user of the Glock pistol would replace these components.

38.     Defendant Zev Technologies, Inc. is aware that the after-market parts and components compromised the purported safeties within the pistol and rendered the pistol unreasonably dangerous for the general consumer and public.

39.     Defendant Tactical Solutions, Inc. designed, manufactured, distributed, sold and placed into the stream of commerce replacement parts and components knowing and expecting that the user of the Glock pistol would replace these components.

40.     Defendant Tactical Solutions, Inc. is aware that the after-market parts and components compromised the purported safeties within the pistol and rendered the pistol unreasonably dangerous for the general consumer and public.

41.     Defendant Suarez International USA, Inc. designed, manufactured, distributed, sold and placed into the stream of commerce replacement parts and components knowing and expecting that the user of the Glock pistol would replace these components.

7

42.     Defendant Suarez International USA, Inc. is aware that the after-market parts and components compromised the purported safeties within the pistol and rendered the pistol unreasonably dangerous for the general consumer and public.

43.     Defendant King Glock, Inc. designed, manufactured, distributed, sold and placed into the stream of commerce replacement parts and components knowing and expecting that the user of the Glock pistol would replace these components.

44.     Defendant King Glock, Inc. is aware that the after-market parts and components compromised the purported safeties within the pistol and rendered the pistol unreasonably dangerous for the general consumer and public.

45.     Defendants Unknown and/or Unidentified John and Jane Doe entities designed, manufactured, distributed, sold and placed into the stream of commerce replacement parts and components knowing and expecting that the user of the Glock pistol would replace these components.

46.     Defendants Unknown and/or Unidentified John and Jane Doe entities is aware that the after-market parts and components compromised the purported safeties within the pistol and rendered the pistol unreasonably dangerous for the general consumer and public.

47.     Glock, Inc. and Glock Ges.m.b.H expected consumers to replace their component parts with the after-market parts and components and failed to warn the general user and consumer and/or design a safety system that was not affected by the replacement of after-market parts.

48.     On or about October 29, 2016, the Plaintiff was using his firearm in a normal and expected fashion.

49.     Plaintiff Patrick Oglesbee placed his weapon, a Glock 19 9mm pistol, into his holster

on his hip.

50.     The Glock pistol fell from the holster, struck the ground and fired.

51.     The bullet from the discharged Glock firearm struck the Mr. Oglesbee  in his right leg.

52.     All of the Defendants are aware that a user of a pistol may accidently drop the pistol onto the ground.

53.     The Defendants Glock, Inc. and Glock Ges.m.b.H markets and informs the public that their Glock 19 9mm gun is safe from drop fires. Glock, Inc. and Glock Ges.m.b.H are aware that their pistols can fire when dropped.

54.     The Defendants listed above who manufactured the after-market parts and components for the Glock pistols are aware that their components compromise the purported anti drop safety mechanisms within the pistol. (See paragraphs 23 through 46).

55.     The Defendants do not adequately warn users and/or consumers that replacing component parts will place the gun in an unreasonably dangerous condition.

56.     As a result of the gunshot, Mr. Oglesbee has been hospitalized and received numerous procedures, including a leg amputation.

57.     As a result of the Defendants' acts or inactions, including intentional and/or negligent acts, Mr. Oglesbee's pistol was unreasonably dangerous and caused or proximately caused his injuries and damages.

58.     As a result of Defendants' negligence and/or manufacturers' liability, Patrick Oglesbee has incurred pain and suffering, impaired earning capacity, permanent disability, permanent disfigurement, past and future medical and other general and special damages in an

9

amount to be determined by the jury at trial.

## COUNT I

## MANUFACTURER LIABILITY

Plaintiffs reincorporate and adopt by reference the allegations contained in paragraphs 1 through 58 as fully set forth herein.

59.     That the Defendants, and each of them individually, jointly, and/or in combination, were in the business of designing, manufacturing, assembling and/or selling Glock pistols, Glock pistol components and parts and, more specifically, the Glock pistol and parts that fired upon the Plaintiff.

60.     That the pistol and its parts were supplied by Defendants in a defective condition which rendered the pistol unreasonably dangerous and further that the defective conditions were a proximate cause of the injuries and damages to the Plaintiffs has hereinafter alleged. The pistol as originally designed and as expected to be modified was defective in one or more of the following particulars:

        a.     The pistol did not have a manual safety and/or safety to prevent an accidental discharge when dropped;

        b.     That the pistol did not have adequate safety devices designed and built into the pistol;

        c.     That the pistol would fire and discharge a round without an intentional trigger pull;

        d.     The pistol and its parts did not have adequate warnings and/or an adequate warning statement on its parts or packaging;

10

e.     The pistol failed to perform as safely as an ordinary consumer would expect said pistol to perform when used in an intended or reasonably foreseeable manner;

f.     That the use that the Glock pistol in this case was being used, at the time of the accident, was a reasonably foreseeable manner and said use involved a substantial danger that would not and was not readily recognized by the ordinary consumer and owner of the Glock pistol at the time of the accident;

g.     That in the light of all other factors considered, the benefits of the design of said Glock pistol did not outweigh the risk of the dangers inherent in such a design;

h.     That the Defendants can reasonably anticipate that a firearm will drop from a user's holster and;

I.     The Defendants reasonably anticipate and expect individual users to replace component parts within the pistol;

j.     That said defects in said Glock pistol, acting both singularly or in combination each with the other, were a proximate cause of the injuries and damages of the Plaintiffs;

### COUNT II

### FAILURE TO WARN

Plaintiffs reincorporate and adopt by reference the allegations contained in paragraphs 1 through 60 as fully set forth herein.

61.   Defendants should have warned of accidental discharges as a result of lack of external

manual safety devices and the defective pistol design could cause accidental and unintentional discharge of the pistol. That the Defendants should have warned of such accidental discharges as a result of their design and knowledge of other accidental discharges.

**COUNT III**

**BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE**

Plaintiffs reincorporate and adopt by reference the allegations contained in paragraphs 1 through 61 as fully set forth herein.

62.     That the Defendants, and each of them, did breach an implied warranty of fitness for a particular purpose. Plaintiff Patrick Oglesbee was a person who Defendants would and should have reasonably expected to use the pistol and its component parts which are the subject of this litigation. That at the time of the manufacture and sale of the pistol and component parts, the Defendants knew that the pistol would be used and/or modified by subsequent users. That the pistol in its original design and in its expected use of component parts would render it unfit for a particular purpose, which is the purpose of being used for recreational shooting, and that the breach of the implied warranty of fitness for a particular purpose was a proximate cause of the injuries and damages to the Plaintiffs.

63.     The Defendants should have warned that the use of any springs other than the original manufacturer springs would compromise the purported safety regarding the anti drop mechanism.

64.     The Defendants' manuals and/or instructions failed to adequately identify and describe the proper procedure to check against issues with the trigger safety resetting after use and/or discharge. The Defendants failed to warn that the failure of the trigger reset, which can be caused by its original design and/or by the use of after market parts or components, rendered the firearm

12

unreasonably dangerous by deactivating the purported anti drop safety features.

65.     That the Defendants' failure to warn the consumers of this danger was a cause and/or contributed to the injuries suffered by Patrick Oglesbee

## COUNT IV

## NEGLIGENCE

Plaintiffs reincorporate and adopt by reference the allegations contained in paragraphs 1 through 65 as fully set forth herein.

66.     The Defendants, and each of them individually or in concert, negligently designed, manufactured, marketed, instructed and/or distributed the Glock pistol and/or its component parts which rendered the firearm unreasonably dangerous. That the Defendants' negligence individually and/or in concert proximately caused Patrick Oglesbee's injuries which resulted in damages.

## COUNT V

## LOSS OF CONSORTIUM

Plaintiffs reincorporate and adopt by reference the allegations contained in paragraphs 1 through 66 as fully set forth herein.

67.     As a result of the injuries to Patrick Oglesbee, his spouse, Kathren D. Oglesbee, has suffered a loss of consortium and spousal support.

WHEREFORE, the Plaintiffs, Patrick Oglesbee and Kathren D. Oglesbee, pray for judgment against the Defendants,  Glock, Inc., Glock Ges.m.b.H., Lone Wolf Distributors, Inc., W.C. Wolff Co., Ghost, Inc., Taran Tactical Innovations, LLC., Glockmeister, LLC, Strike Industries, Overwatch Tactical, LLC., Zev Technologies, Inc., Tactical Solutions, Inc., Suarez International USA, Inc., King Glock, Inc., and

13

Unknown John and Jane Doe Entities, for compensatory damages in a reasonable and just amount and in excess of the sum or value of $75,000.00, exclusive of interest and costs, to the Plaintiffs and for all other relief deemed proper and just, including punitive damages and attorney fees if permitted by law.

Respectfully submitted,
WALSH & FRANSEEN

 s/ Micky Walsh
Micky Walsh, OBA No. 9327
Derek S. Franseen, OBA No. 30557
200 E. 10th Street Plaza
Edmond, OK 73034-4761
(405) 843-7600 - Telephone
(405) 606-7050 - Facsimile
mwalsh@walshlawok.com
dfranseen@walshlawok.com

14