# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OKLAHOMA

PATRICK OGLESBEE and KATHREN OGLESBEE,

                Plaintiff(s),

vs.                                  Case Number:   18-cv-560-JED-FHM

GLOCK, INC., et al.

                Defendant(s).

## JOINT STATUS REPORT

**Jury Demanded**:   ☒ Yes   ☐ No

**I.   Summary of Claims**:  Plaintiffs have brought claims against the manufacturers/sellers of a Glock pistol and component parts that affect the purported safety of the pistol. These claims for defects include both design and manufacturing defect claims. Additionally, Plaintiffs' claims include manufacturer's liability for the pistol and component parts, failure to warn, breach of implied warranty and fitness for a particular purpose, negligence and loss of consortium.

    A.  Claims to be Dismissed:  Plaintiffs would ask that this Court permit the parties to do limited discovery to identify the manufacturers of the after-market component parts. Plaintiffs hope that a brief discovery period limited to that purpose will allow the parties to identify the proper Defendant in an economical fashion. Plaintiffs have a packet ready to provide Defendants photographs of the subject gun and its component parts in order to help identify the proper parties as soon as practicable.

    B.  Plaintiff is claiming personal injury damages as allowable under Oklahoma law, including but limited to pain and suffering, loss of income, medical bills, permanent disfigurement and all other relief as justice so finds.

**II.   Summary of Defenses**:

    A.  Defendants deny Plaintiffs' allegations.  None of the Defendants manufactured defective parts, failed to warn of dangerous conditions, were negligent, or breached any implied or express warranties.  Furthermore, Plaintiffs have sued a number of Defendants who have no connection to the parts at issue who should be dismissed.  If it is determined the Glock pistol and/or parts of the pistol contributed to Plaintiffs' injuries, the injuries were caused by Plaintiffs' own negligence, misuse of the pistol, and/or improper modification of the products.  Plaintiffs' warranty claims cannot survive a dispositive motion, Plaintiffs modified the applicable parts.  Further, given the aftermarket nature of a modified pistol, it will be impossible to prove that any component part or even the gun as a whole was in the same condition as when that part or the gun left the control of the manufacturer.

    B.  Defendant Glock, Inc. asserts all of its affirmative defenses and cross-claims raised in it's Answer and Cross-Claims.

    C.  Suarez International USA, Inc. asserts all of its affirmative defenses raised in its Answer and Answer to Cross-Claim of Glock.

    D.  W.C. Wolff asserts all of its affirmative defenses raised in its Answer and Answer to Cross-Claim of Glock.

    E.  ZEV Technologies, Inc. asserts all of its affirmative defenses raised in its Answer and Answer to Cross-Claim of Glock.

    F. Defendant King Glock asserts all of its affirmative defenses raised in its Answer and Answer to the Cross-Claim of Defendant Glock, Inc.

    G. Wolffmeister, LLC asserts all of its affirmative defenses raised in its Answer and Answer to the Cross-Claim of Glock.

    H. Strike Industries asserts all of its affirmative defenses raised in its Answer and Answer to Cross-Claim of Glock.

    I. Lone Wolf Distributors, Inc. reserves the right to assert all of its affirmative defenses in its Answers, which are not due as of the date of this Joint Status Report.

    J. Defenses to be Abandoned: None.

**III. Motions Pending** (Include Docket Number, Description and Date at Issue): **None.**

**IV. Stipulations:**

    A. Jurisdiction Admitted: ☒ Yes ☐ No (If no, explain.)

    B. Venue Appropriate: ☒ Yes ☐ No (If no, explain.)

    C. W.C. Wolff, Co. reserves the right to challenge personal jurisdiction over it.

**V. Proposed Deadlines:**

    A. Parties to be Added by: April 30, 2019.

    B. Proposed Discovery Cutoff Date (4 Months of Discovery Unless Extended by the Court for Good Cause): Plaintiffs would ask that this Court grant them 90 days to pursue the limited discovery regarding the identification of the parties who provided the component parts and the subject gun. Plaintiffs would ask that a second Scheduling Order be submitted in the event the parties are pared down after the short discovery period.

    C. Fact Witness Lists to be Exchanged by: Please see V.B. response.

    D. Proposed Date for Expert Reports by Plaintiff and Defendant: Please see V.B. response.

**VI. Fed. R. Civ. P. 26(f) Discovery Plan**

    A. Should any changes be made to the timing, form or requirements for disclosures under Rule 26(a)?
        ☒ Yes (If yes, explain.)
        ☐ No
        Plaintiffs request a modified Scheduling Order in order to perform limited discovery regarding the identification of the component parts manufacturers and sellers.

    B. When were or will initial disclosures under Rule 26(a)(1) be made? February 1, 2019

    Note that pursuant to Rule 26(a)(1), initial disclosures must be made within 14 days after you confer for the purpose of preparing this discovery plan. All parties are under an affirmative duty to (i) comply with the mandatory disclosure requirements, and (ii) notify the Court of any non-disclosure so that the issue can be promptly referred to a magistrate judge for resolution. Failure of any party to disclose information or failure of any party to bring disclosure issues to the Court's attention in a timely manner may result in sanctions, including prohibiting the use of that information at trial pursuant to Rule 37(c)(1).

    C.  Should discovery be conducted in phases and/or should discovery be limited at this time to particular subject matters or issues?    ☒ Yes    ☐ No [Please see VI.A.]

    D.  Should any changes be made in the limitations on discovery imposed by the Federal Rules of Civil Procedure or the Local Civil Rules?
☐ Yes (If yes, explain.)
☒ No

    E.  Proposed Number of Fact and Expert Depositions:

        1.  To be allowed for Plaintiff?  15, but Plaintiffs reserve the right to take additional depositions based upon findings throughout discovery.

        2.  To be allowed for Defendants?  10, plus 2 experts (per Defendant).

    F.  Is there a need for any special discovery management order(s) by the Court?
☒ Yes (If yes, explain.)  [Please see VI.A.]
☐ No

    G.  The parties are directed to Guidelines for Discovery of Electronically Stored Information on the public website at www.oknd.uscourts.gov for advice on the production of electronic information.

**VII.**  **Anticipated Dispositive Motions?**
☒ Yes (If yes, describe.)  It is anticipated that all defendants will file dispositive motions.
☐ No

**VIII.**  **Do all parties consent to trial before the assigned magistrate judge?**    ☐ Yes    ☒ No

If yes, please email a proposed Consent to Magistrate for Trial (AO-085) to the Clerk via the designated mailbox at CM-ECFIntake_OKND@oknd.uscourts.gov and indicate the month and year in which trial by the magistrate judge is requested. Please do not file proposed documents as an attachment to a document. (Refer to Section XIV of the CM/ECF Administrative Guide of Policies and Procedures for further instruction regarding proposed documents.)

**IX.**  **Is there any matter that should be referred to the assigned magistrate judge for final disposition upon partial consent of all the parties pursuant to Local Rule 73.1?**    ☐ Yes    ☒ No

If yes, please email a completed, proposed Consent to Magistrate Disposition Motion (AO 085A) to the Clerk via the designated mailbox at CM-ECFIntake_OKND@oknd.uscourts.gov. Please do not file proposed documents as an attachment to a document. (Refer to Section XIV of the CM/ECF Administrative Guide of Policies and Procedures for further instruction regarding proposed documents.)

**X.**  **Settlement Plan** (Check one):

☐ Settlement Conference Requested After:
Describe Settlement Judge Expertise Required, If Any:

☐ Private Mediation Scheduled On:

☒ Other ADR (Explain):  Parties to schedule private mediation prior to discovery deadline if all parties consent.

☒ ADR Appropriate:

☒ Yes
☐ No (If no, explain.)

Copy of the Court's ADR Booklet Provided to Clients as Required?

Plaintiffs:       ☒ Yes       ☐ No

Defendants:    ☒ Yes       ☐ No

**XI.    Does this case warrant special case management?**
☒ Yes (If yes, explain.) [See VI.A.]
☐ No

**XII.   Do the parties request that the Court hold a scheduling conference?**       ☒ Yes       ☐ No

If a conference is not requested or ordered by the Court, the Court will, after receiving this report, issue a scheduling order based on the information contained in this report.

**XIII.  Estimated Trial Time: 5-7 days**

Micky Walsh, OBA No. 9327
Derek S. Franseen, OBA No. 30557
Walsh & Franseen
200 E. 10th Street Plaza
Edmond, OK 73034
(405) 843-7600 – Telephone
(405) 606-7050 – Facsimile
mwalsh@walshlawok.com
dfranseen@walshlawok.com
Attorneys for Plaintiffs

Attorneys for Defendants:

 ZEV Technologies, Inc.
J. Christopher Davis, OBA No. 16639
Johnson & Jones, P.C.
6120 S. Yale, Suite 500
Tulsa, OK 74136
(918) 584-6644
(888) 789-0940
cdavis@johnson-jones.com

Suarez International USA, Inc.
Robert Todd Goolsby, OBA No. 12676
Perry E. Kaufman, OBA No. 12732
Goolsby, Proctor, Heefner & Gibbs, P.C.
701 N. Broadway, Suite 400
Oklahoma City, OK 73102
(405) 524-2400 – Telephone
(405) 525-6004 – Facsimile
tgoolsby@gphglaw.com
pkaufman@gphglaw.com

Wolffmeister, LLC
Joseph R. Farris, OBA No. 2835
Jeremy K. Ward, OBA No. 21400
Phillip B. Wilson, OBA No. 33645
Franden Farris Quillin Goodnight + Roberts
2 W. 2nd St., Suite 900
Tulsa, OK 74103-4514
(918) 583-7129 – Telephone
(918) 584-3814 - Facsimile
jfarris@tulsalawyer.com
jward@tulsalawyer.com
pwilson@tulsalawyer.com

Lone Wolf Distributors, Inc.
J.R. "Randy" Baker, OBA No. 452
Cary E. Hiltgen, OBA No. 4219
Hiltgen & Brewer, P.C.
9505 N. Kelley Ave.
Oklahoma City, OK 73131
(405) 605-9000 – Telephone
(405) 605-9010 – Facsimile
rbaker@hbokc.law
chiltgen@hbokc.law

King Glock, Inc.
A. Mark Smiling, OBA No. 10672
Smiling, Smiling & Burgess
Bradford Place, Suite 300
9175 S. Yale Ave.
Tulsa, OK 74137
(918) 477-7500 – Telephone
(918) 477-7510 – Facsimile
msmiling@smilinglaw.com

Glock, Inc.
J. Mark McAlester, OBA No. 18104
Fenton, Fenton, Smith, Reneau & Moon
211 N. Robinson, Suite 800N
Oklahoma City, OK 73102
(405) 235-4671 – Telephone
(405) 235-5247 – Facsimile
jmmcalester@fentonlaw.com
and
Christopher Renzulli (PHV to be filed)
Christopher M. Busch (PHV to be filed)
Renzulli Law Firm, LLP
1 N. Broadway, Suite 1005
White Plains, NY 10601
(914) 285.0700 – Telephone
crenzulli@renzullilaw.com
cbusch@renzullilaw.com

Taran Tactical Innovations, LLC
Robert B. Sartin, OBA No. 12848
Eric S. Underwood, OBA No. 33292

Barrow & Grimm, P.C.
110 W. 7th Street, Suite 900
Tulsa, OK 74118
(918) 584-1600 – Telephone
(918) 585-2444 – Facsimile
r.sartin@barrowgrimm.com
eunderwood@barrowgrimm.com

W.C. Wolff, Co.
Randall J Snapp, OBA No. 11169
Deric McClellan, OBA No. 32827
Crowe & Dunlevy
500 Kennedy Building
321 S. Boston Ave.
Tulsa, OK 74103-3313
(918) 592-9800 - Telephone
(918) 592-9801 – Facsimile
Randall.snap@crowedunlevy.com
Deric.mcclellan@crowedunlevy.com

Strike Industries
Gene Robinson, OBA No. 10119
Kenneth M. Yates, OBA No. 14626
Robinson Law Firm, P.C.
7170 S. Braden Ave., Suite 170
Tulsa, OK 74136
(918) 587-2311 – Telephone
(918) 587-2317 – Facsimile
grobinson@grobinsonlaw.com
kyates@grobinsonlaw.com