**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **1) PATRICK OGLESBEE** | ) | |
| **2) KATHREN D. OGLESBEE** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 18-cv-560-JED-FHM** |
| | ) | |
| **1) GLOCK, INC., et al.** | ) | |

## DEFENDANT LONE WOLF DISTRIBUTORS, INC.'S AMENDED ANSWER TO PLAINTIFFS' COMPLAINT

COMES NOW Defendant, Lone Wolf Distributors, Inc., for its amended answer to the Plaintiffs' Complaint and would state as follows:

1.      This Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 1-3 of the Plaintiffs' Complaint and therefore denies the same.

2.      This Defendant admits the allegations in paragraph 4 of the Plaintiffs' complaint.

3.      This Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 5-15 of the Plaintiffs' Complaint and therefore denies the same.

4.      With regard to the allegations in paragraph 16 of the Plaintiffs' Complaint, this Defendant admits only that it sells and distributes goods in interstate commerce. This Defendant denies the remaining allegations in paragraph 16 of the Plaintiffs' Complaint as it relates to this Defendant and demands strict proof thereof.  This Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 16 of the Plaintiffs' Complaint as to the other Defendants and therefore denies the same.

5.     With regard to the allegations in paragraph 17 of the Plaintiffs' Complaint, this Defendant admits only the Plaintiffs have invoked the jurisdiction of the Court through their Complaint.   This Defendant denies the remaining allegations in paragraph 17 of the Plaintiffs' Complaint as it relates to this Defendant and demands strict proof thereof.  This Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 17 of the Plaintiffs' Complaint as to the other Defendants and therefore denies the same.

6.     With regard to the allegations in paragraph 18 of the Plaintiffs' Complaint, this Defendant admits only that venue appears to be appropriate based upon the allegations of the Plaintiffs' Complaint.  However, this Defendant lacks knowledge or information sufficient to form a belief about the truth of allegations in paragraph 18 of the Plaintiffs' Complaint and therefore denies the same.

7.     This Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 19-22 of the Plaintiffs' Complaint and therefore denies the same.

8.     With regard to the allegations in paragraph 23 of the Plaintiffs' Complaint, this Defendant admits only it sells certain parts which may be used in Glock firearms. This Defendant denies the remaining allegations in paragraph 23 of the Plaintiffs' Complaint and demands strict proof thereof.

9.     This Defendant denies the allegations in paragraph 24 of the Plaintiffs' complaint and demands strict proof thereof.

10.     This Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 25-51 of the Plaintiffs' Complaint and therefore denies the same.

11.     This Defendant denies the allegations in paragraph 52 of the Complaint as the allegation against this Defendant omits several critical facts and demands strict proof thereof. This Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 52 of the Plaintiffs' Complaint as to the other Defendants and therefore denies the same.

12.     This Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 53 of the Plaintiffs' Complaint and therefore denies the same.

13.     This Defendant denies the allegations in paragraphs 54-55 of the Plaintiffs' Complaint as they relate to this Defendant and demands strict proof thereof. This Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 54-55 of the Plaintiffs' Complaint as to the other Defendants and therefore denies the same.

14.     This Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 56 of the Plaintiffs' Complaint and therefore denies the same.

15.     This Defendant denies the allegations in paragraphs 57-58 of the Plaintiffs' Complaint as they relate to this Defendant and demands strict proof thereof. This Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 57-58 of the Plaintiffs' Complaint as to the other Defendants and therefore denies the same.

16.     With regard to the allegations in paragraph 59 of Count I of the Plaintiffs' Complaint, this Defendant admits only that it sells certain parts which may be used in Glock firearms.  This Defendant denies the remaining allegations in paragraph 59 of Count I of the Plaintiffs' Complaint as they relate to this Defendant and demands strict proof thereof. This

Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 59 of Count I of the Plaintiffs' Complaint as to the other Defendants and therefore denies the same.

17.     This Defendant denies the allegations in paragraph 60 of Count I of the Plaintiffs' Complaint as they relate to this Defendant and demands strict proof thereof. This Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 60 of Count I of the Plaintiffs' Complaint as to the other Defendants and therefore denies the same.

18.     This Defendant denies the allegations in paragraph 61 of Count II of the Plaintiffs' Complaint as they relate to this Defendant and demands strict proof thereof. This Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 61 of Count II of the Plaintiffs' Complaint as to the other Defendants and therefore denies the same.

19.     This Defendant denies the allegations in paragraphs 62-65 of Count III of the Plaintiffs' Complaint as they relate to this Defendant and demands strict proof thereof. This Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 62-65 of Count III of the Plaintiffs' Complaint as to the other Defendants and therefore denies the same.

20.     This Defendant denies the allegations in paragraph 66 of Count IV of the Plaintiffs' Complaint as they relate to this Defendant and demands strict proof thereof. This Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 66 of Count IV of the Plaintiffs' Complaint as to the other Defendants and therefore denies the same.

21.     This Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 67 of Count V of the Plaintiffs' Complaint and therefore denies the same.

## AFFIRMATIVE DEFENSES

1.      Plaintiffs fail to state a claim against this Defendant on which relief can be granted.

2.      Plaintiffs' claims against this Defendant are barred by the statute of limitations.

3.      The incident and/or damages which are the subject matter of Plaintiffs' Complaint were caused or brought about by a person or persons other than this Defendant, and over whom this Defendant has neither control nor the right to control, or some independent cause, phenomena or misadventure beyond the control of this Defendant, and for which this Defendant is not liable.

4.      Plaintiffs' alleged injuries and damages were caused by the fault, negligence, and carelessness of Plaintiff.

5.      Plaintiffs' claims are diminished proportionally by the doctrine of comparative negligence.

6.      The acts, omissions, and/or products, if any, of this Defendant were not the proximate cause of the losses, damages and/or injuries alleged in Plaintiffs' Complaint.

7.      Any recovery, if any, by Plaintiff should be apportioned among all parties to this action, and all non-parties, according to each such party's proportionate responsibility for the damages, if any, under the doctrine of Comparative Fault/Contributory Fault.

8.      At the time and place of the injuries alleged in Plaintiffs' Complaint, Plaintiff was not exercising ordinary care, caution or prudence to prevent the acts complained of from occurring, and that the injuries and damages complained of, if any, were proximately caused by Plaintiff's own failure to exercise ordinary care.

9.      Any injuries or damages sustained by Plaintiffs were proximately caused by material modifications or alterations to this Defendant's products allegedly involved in this accident after they left the custody and control of this Defendant.

10.      Any injuries or damages sustained by Plaintiffs were solely and proximately caused by the improper use, misuse, or abuse of the products or equipment involved in this action.

11.      At the time the products involved in this action left the custody and control of this Defendant, the products were not unreasonably dangerous.

12.      This Defendant alleges there was a superseding or intervening cause of this accident.

13.      This Defendant's products in question were, in all respects, properly designed, manufactured, marketed, distributed, supplied, tested, inspected and/or sold.  This Defendant's products departed this Defendant's control equipped with all elements necessary to make them safe; were properly equipped with all the necessary warnings and instructions for correct and safe use, operation, maintenance, repair and servicing; contained no elements making them unsafe; and were fit for the ordinary purposes for which they were to be used.

14.      The design of this Defendant's products in question was consistent with the "state of the art" at the time of their design.

15.      The benefits of the design of this Defendant's products in question outweighed the inherent risk, if any.

16.      This Defendant's products in question complied with the applicable codes, standards, or regulations adopted or promulgated by the United States or any agency of the United States or a state or state agency at the time of their sale.

17.      This Defendant provided appropriate product information and warnings to

sophisticated purchasers/users and/or learned intermediaries, and this Defendant owed no duty to provide warnings directly to the Plaintiffs.

18.     This Defendant is not liable for the acts of any other entities.

19.     The Plaintiffs' damages, if any, are not joint and several.

20.     This Defendant cannot be held jointly and severally liable for the acts and/or omissions of other Defendants insofar as it is not a joint tortfeasor.

21.     Plaintiffs' damages are not of the nature and extent alleged.

22.     If, however, the Court determines that the Defendants are joint tortfeasors, then this Defendant asserts that its liability is governed by 23 O.S. § 15(A) that states the liability for damages caused by two or more persons shall be several and a joint tortfeasor shall be liable only for that amount of damages allocated to that tortfeasor.

23.     Plaintiffs have failed to take any and all actions to reduce or mitigate their damages.

24.     Plaintiff assumed the risk of harm such as to bar any recovery herein or alternatively, such as to reduce any recovery to which the Plaintiffs would otherwise be entitled by a proportion equal to the percentage that such assumption of the risk represents to the total fault, if any, for the injuries alleged in Plaintiffs' Complaint.

25.     This Defendant owed no legal duty or satisfied any duty, which it owed to the Plaintiffs.

26.     The recovery of punitive damages is contrary to the Constitutions of the United States of American and the State of Oklahoma.

27.     To the extent that this Court determines punitive damages are permitted under the Constitutions of the United States of America and the State of Oklahoma, this Defendant asserts that said damages are governed by the requirements and limitations placed upon punitive damages

established by 23 O.S. §9.1.

28.      At no time did this Defendant's actions constitute outrageous, willful and wanton conduct such as to warrant punitive damages.

29.      This action must be dismissed as the Plaintiffs have failed to join necessary and/or indispensable parties. Specifically, the Plaintiffs have failed to join the United States who is an indispensable party to this litigation under Fed. R. Civ. P. 19.  The majority, if not all, of the Plaintiffs' medical expenses were paid by the United States. Pursuant to 42 U.S.C. §2651, the United States is subrogated to any claim the Plaintiffs have for the reasonable value of the care and treatment the Plaintiffs received as a result of the alleged incident.

30.      As the Plaintiffs' claims for medical expenses are subrogated to the United States under 42 U.S.C. §2651, the Plaintiff fails to state a claim for medical expense upon which relief may be granted because the United States is the only party who can recover such damages.

31.  The Plaintiffs' claims for medical expenses are limited under the Oklahoma Statutes to the amounts paid rather than the amounts billed.

32.  The Plaintiffs and Glock had a duty to preserve evidence that was relevant to the proceedings.  Although the Plaintiffs and Glock discovered aftermarket parts in the pistol at issue, the Plaintiffs and Glock proceeded to disassemble the pistol without notice to any other potential party to the litigation. As a result of the actions of the Plaintiffs and Glock, the Defendant Lone Wolf has been significantly prejudiced in this litigation.

33.      This Defendant is entitled to a set-off or credit for any amounts received by Plaintiffs or to be received by Plaintiffs from any other source whatsoever with respect to any recovery arising out of the claims and/or allegations asserted within the Complaint.

34.     This Defendant adopts and incorporates by reference all other Affirmative Defenses stated by all other Defendants, but not specifically enumerated herein.

35.     This Defendant denies all allegations against it in any cross claims which have been or may be asserted in this matter.

36. This Defendant reserves the right to amend this Amended Answer in accordance with the Federal Rules of Civil Procedure and the further Order of this Court.

WHEREFORE, PREMISES CONSIDERED, Defendant, Lone Wolf Distributors, Inc., prays that the Plaintiffs take nothing by way of their Complaint, and that this Defendant have and recover herein its attorney fees, costs and any further relief which the Court deems just and equitable.

/s/J.R. "Randy" Baker
J.R. "Randy" Baker, OBA#452
Cary E. Hiltgen, OBA#4219
Hiltgen & Brewer, P.C.
9505 North Kelley Avenue
Oklahoma City, OK 73131
Telephone: (405) 605-9000
Facsimile: (405) 605-9010
E-mail: rbaker@hbokc.law
        chiltgen@hbokc.law
**Attorneys for Defendant Lone Wolf Distributors, Inc.**

**CERTIFICATE OF SERVICE**

I hereby certify that on November 22, 2019 I electronically transmitted the attached document to the Clerk of Court using the ECF system for filing.

/s/ J.R. "Randy" Baker
J.R. "Randy" Baker