IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PATRICK OGLESBEE and<br>KATHREN D. OGLESBEE,<br><br>      Plaintiffs,<br><br>v.<br><br>GLOCK, INC.,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)  Case No. 18-CV-00560-GKF-CDL<br>)<br>)<br>)<br>)<br>) |

## **OPINION AND ORDER**

This matter comes before the court on the Second Motion for Summary Judgment on Plaintiffs' Claim for Breach of the Implied Warranty of Fitness for a Particular Purpose [Doc. 303] of defendant Glock, Inc. For the reasons set forth below, the motion is granted.

**I.   Background and Procedural History**

This case has a lengthy procedural history, which the court will not attempt to fully summarize. Rather, the court limits its summary to the history relevant to the instant motion.

This is a products liability case. On October 29, 2016, plaintiff Patrick Oglesbee was using a Glock 19 Model Gen 4 9mm semi-automatic pistol ("Subject Pistol") when the pistol fell, struck the ground, and fired. The bullet discharged from the firearm struck Mr. Oglesbee in his right leg.

Mr. Oglesbee, with his wife, Kathren D. Oglesbee, initiated this civil lawsuit on October 26, 2018. On August 26, 2020, the Oglesbees filed the Amended Complaint, the operative pleading, against defendants Glock, Glock Ges.m.b.H., Lone Wolf Distributors, Inc., W.C. Wolff Co., and Unknown John and Jane Doe Entities. [Doc. 151]. The Amended Complaint includes

the following claims: (1) manufacturer liability; (2) failure to warn; (3) breach of implied warranty of fitness for a particular purpose; and (4) negligence.[1] [Doc. 151].

On January 29, 2021, the parties filed a Stipulation of Dismissal Without Prejudice as to the Oglesbees' claims against Glock Ges.m.b.H. [Doc. 182].

On December 21, 2022, the court granted the Oglesbees' motion for dismissal with prejudice as to the claims against Lone Wolf Distributors, Inc. [Doc. 241].

On April 13, 2023, the court granted the Oglesbees' motion for dismissal with prejudice as to the claims against W.C. Wolff Co. [Doc. 274].

On January 19, 2023, Glock filed a motion for summary judgment as to all of the Oglesbees' claims against it. [Doc. 245]. The court held a hearing on the motion on September 1, 2023. [Doc. 294]. After the hearing, in an Order of that same day, the court granted Glock summary judgment as to the Oglesbees' manufacturer liability, failure to warn, and negligence causes of action. [Doc. 295]. However, because Glock had offered no specific evidence or argument as to the Oglesbees' breach of implied warranty claim, the court denied summary judgment as to that claim. [*Id.* at p. 16].[2]

On October 11, 2023, the court granted Glock leave to file a second motion for summary judgment directed to plaintiffs' breach of implied warranty of fitness for a particular purpose.

---

[1] The Amended Complaint also includes Count Five, loss of consortium, and Count Six, a claim on behalf of the United States of America pursuant to 42 U.S.C. § 2651 and 38 U.S.C. § 1729. However, "Oklahoma courts have consistently described a spouse's loss of consortium as a derivative interest." *Rishell v. Jane Phillips Episcopal Mem'l Med. Ctr.*, 94 F.3d 1407, 1411 n.4 (10th Cir. 1996). Likewise, a claim on behalf of the government pursuant to 42 U.S.C. § 2651 and 38 U.S.C. § 1729 requires that the person or entity sued "be liable to the injured person in tort." *United States v. York*, 398 F.2d 582, 584 (6th Cir. 1968). Thus, neither Count Five nor Count Six asserts an independent tort cause of action.

[2] The court incorporates its September 1, 2023 Order [Doc. 295], including its recitation of the Undisputed Material Facts, herein by reference.

[Doc. 302]. Glock filed the second summary judgment motion [Doc. 303], the Oglesbees responded in opposition [Doc. 304], and Glock filed a reply [Doc. 305]. Thus, the motion is ripe for the court's determination.

## II.     Analysis

Under Oklahoma law, with the adoption of strict products liability in *Kirkland v. General Motors Corp.*, 521 P.2d 1353 (Okla. 1974), "breach of implied warranty is no longer an appropriate remedy for recovery in products liability actions except as provided in the Uniform Commercial Code." *United Gen. Ins. Co. v. Crane Carrier Co.*, 695 P.2d 1334, 1338 (Okla. 1984) (formatting altered from original) (quoting *Kirkland*, 521 P.2d at 1364-65). This is because "[t]he *theory* of implied warranty recovery for injuries to person heretofore existing in this jurisdiction *is merged* into the *theory* and doctrine of manufacturers' products liability, *and except for Uniform Commercial Code application, is no longer viable*." *United Gen. Ins. Co.*, 695 P.2d at 1338 (quoting *Kirkland*, 521 P.2d at 1355); *see also Sterner Aero AB v. Page Airmotive, Inc.*, 499 F.2d 709, 712-13 (10th Cir. 1974) (emphasis added) ("Under the *Kirkland* opinion, breach of implied warranty is no longer an appropriate remedy for recovery in products liability cases, *except as provided in the Uniform Commercial Code*. The implied warranty theory is now merged under Oklahoma law into the theory and doctrine of Manufacturers' Products Liability.").

Section 2-315 of the Oklahoma Uniform Commercial Code provides a statutory claim for breach of the implied warranty of fitness for a particular purpose and states:

> Where the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is unless excluded or modified under the next section an implied warranty that the goods shall be fit for such purpose.

Okla. Stat. tit. 12A, § 2-315.  A claim under this section includes two elements.  "First, the seller must know that the goods will be used for a 'particular purpose.'"  *Crysco Oilfield Servs., Inc. v. Hutchison-Hayes Int'l, Inc.*, 913 F.2d 850, 852 (10th Cir. 1990).  "Second, the buyer must rely on the skill or judgment of the seller in selecting suitable goods."  *Id.*; *see also Collins Radio Co. of Dallas v. Bell*, 623 P.2d 1039, 1054 (Okla. Civ. App. 1980).

The Amended Complaint includes no allegations from which the court (or Glock) could reasonably infer that the breach of implied warranty claim was brought pursuant to the Uniform Commercial Code.  Rather, the Oglesbees allege that Glock breached the warranty because it "should have warned that the use of any springs other than the original manufacturer springs would compromise the purported safety regarding the anti drop mechanism," and that Glocks's failure to warn "rendered the [Subject Pistol] unreasonably dangerous."  [Doc. 151, p. 9, ¶¶ 36-37].  Likewise, in answer to Interrogatories 13, 14, and 15 seeking the factual basis of the breach of implied warranty claim, the Oglesbees responded that the Subject Pistol was in a defective condition that rendered it unreasonably dangerous—more specifically, that Glock had knowledge that an aftermarket component could render the handgun unreasonably dangerous.[3]  [Doc. 303-1, pp. 6-9].  Thus, it is clear that a finding that the Subject Pistol was unreasonably dangerous or that Glock failed to warn was necessary to the Oglesbees' breach of implied warranty theory.  However, under Oklahoma law, such theories are "merged into the theory and doctrine of manufacturers' products liability."  *United Gen. Ins. Co.*, 695 P.2d at 1338 (emphasis omitted).

---

[3] Although the discovery responses are directed to the original Complaint, the factual allegations as to all counts, as well as the allegations directed to the breach of the implied warranty of fitness for a particular purpose, are identical in the Complaint and Amended Complaint, but for the Complaint's inclusion of additional parties.

Thus, the Oglesbees' breach of implied warranty of fitness for a particular purpose claim fails as a matter of law.[4]

Insofar as the Oglesbees argue that they also assert a breach of implied warranty claim under § 2-315 of the Uniform Commercial Code, the claim also fails. As previously stated, "section 2-315 requires that the plaintiff show the seller had reason to know of a particular purpose for which the goods were to be used, and that the buyer relied on the seller's skill and judgment in selecting a suitable good." *Collins Radio Co. of Dallas*, 623 P.2d at 1054. Glock argues that the evidence shows that neither requirement is satisfied and therefore has "fulfilled its 'initial responsibility of informing the district court of the basis for its motion,' the absence of evidence establishing a fact on which the nonmovant had the burden of persuasion." *Felkins v. City of Lakewood*, 774 F.3d 647, 653 (10th Cir. 2014); *see also* Fed. R. Civ. P. 56(c)(1)(B) ("A party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.").

The Oglesbees contend that "recreational" shooting constitutes the particular purpose for which the Subject Pistol was purchased, and cites the 2023 Rule Book Competition Rules and Guidelines of the Glock Sport Shooting Foundation and other information regarding the Glock Sport Shooting Foundation as evidence that Glock knew of that particular purpose. However, there is no evidence that Mr. Oglesbee purchased the Subject Pistol for use in sport shooting. Nor does Mr. Oglesbee direct the court to any evidence that he purchased the Subject Pistol for "recreational" purposes generally. Thus, the Oglesbees fail to "set forth specific facts that would

---

[4] As previously stated, on September 1, 2023, the court granted summary judgment in Glock's favor as to the Oglesbees' manufacturer liability and failure to warn claims. [Doc. 295].

be admissible in evidence in the event of trial from which a rational trier of fact could find for [them]." *Felkins*, 774 F.3d at 653 (quoting *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998)).

Moreover, "use of a good in the ordinary manner for which the good was manufactured does not satisfy section 2-315's requirement that the good be used for a 'particular purpose.'" *Crysco Oilfield Servs., Inc.*, 913 F.2d at 852. Most consumers purchase firearms to gain the ability to shoot—whether for recreational or service purposes. In fact, that Glock's website advertises its firearms as being used for recreational purposes makes clear that recreational/sporting uses are "one of the general uses to which these [firearms] are usually put." *Hot Energy Servs., LLC v. Quikwater, Inc.*, No. 15-CV-236-GKF-FHM, 2017 WL 5957203, at *2 (N.D. Okla. Feb. 13, 2017). Thus, no genuine dispute of material fact exists as to whether the Subject Pistol was purchased for, and put to, a particular purpose, and the Oglesbees' breach of the implied warranty of fitness for a particular purpose fails as a matter of law.

The Oglesbees' breach of the implied warranty of fitness for a particular purpose fails for the additional reason that the Oglesbees direct the court to no evidence that Mr. Oglesbee relied on Glock's skill or judgment in purchasing the Subject Pistol. Thus, the Oglesbees fail to "set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for [them]," no genuine dispute of material fact exists, and Glock is entitled to summary judgment as to the breach of implied warranty of fitness for a particular purpose for this additional reason. *Felkins*, 774 F.3d at 653

### III.     Request for Leave to Amend

In their summary judgment response, in addition to breach of the implied warranty of fitness for a particular purpose pursuant to Okla. Stat. tit. 12A, § 2-315, the Oglesbees assert breach

of the implied warranty of merchantability pursuant to Okla. Stat. tit. 12A, § 2-314. The Oglesbees "ask this Court [to] acknowledge the pleadings adequately plead both sections and/or grant leave to amend the pleadings to include or clarify that both § 2-314 or 2-315 are raised and have been litigated." [Doc. 304, p. 3]. Having reviewed the Amended Complaint, breach of the implied warranty of merchantability pursuant to § 2-314 is not pled. Nor was the claim raised in briefing as to Glock's first motion for summary judgment or during the hearing on that motion.

Insofar as the Oglesbees seek leave to amend to assert a breach of implied warranty of merchantability claim, the motion is untimely as the deadline to file motions to amend pleadings lapsed on March 1, 2021—over two-and-a-half years ago. [Doc. 177]. Although the court may permit amendment upon a showing of good cause, *Gorsuch, Ltd. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1241 (10th Cir. 2014), the Oglesbees offer no explanation for their delay in seeking leave to amend. The Oglesbees' silence on the issue is particularly troubling given that the Oglesbees knew or should have known of the facts upon which the proposed amendment is based. *Las Vegas Ice & Cold Storage Co. v. Far West Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990) ("Where the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial."). Thus, the Oglesbees' request to amend must be denied as untimely. *Minter v. Prime Equip. Co.,* 451 F.3d 1196, 1206 (10th Cir. 2006) (Leave to amend may be denied "when the party filing the motion has no adequate explanation for the delay.").

Further, and more significant to this court, "a request to amend may be denied where the new theory would prejudice the moving party." *Martinez v. Potter*, 347 F.3d 1208, 1212 (10th Cir. 2003). Amendment at this late date would clearly prejudice Glock. This case is over five years old. Discovery in this matter closed six months ago. Glock has now filed two motions for

summary judgment and obtained judgment in its favor on the majority of the Oglesbees' claims. Permitting amendment to assert an entirely new theory at this late date would prejudice Glock in maintaining its defense. *See Green Country Food Mkt., Inc. v. Bottling Grp., LLC*, 371 F.3d 1275, 1280 (10th Cir. 2004). Thus, the Oglesbees' request to amend must be denied for this additional reason.

## IV. Conclusion

WHEREFORE, the Second Motion for Summary Judgment on Plaintiffs' Claim for Breach of the Implied Warranty of Fitness for a Particular Purpose [Doc. 303] of defendant Glock, Inc. is granted.

IT IS SO ORDERED this 13th day of November, 2023.



GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE